Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELTY TEXTILE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLOOMCHIC US LTD., a California corporation; ROBERT MATTHEW LLC, an Arizona limited liability company; OPP BRAND SOLUTIONS LLC, an Arizona limited liability company; and DOES 1-10,<br><br>Defendants. | Case No.: 2:24-cv-03786<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT; AND<br><br>2. CONTRIBUTORY AND/OR VICARIOUS COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Novelty Textile, Inc., ("Novelty" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Novelty is a California corporation.

5. Upon information and belief, Defendant BloomChic US Ltd. ("BloomChic") is a California corporation with its principal place of business located at 324 S. Diamond Bar Blvd., Unit 717, Diamond Bar, CA 91765.

6. Upon information and belief, Defendant Robert Matthew LLC ("Robert Matthew") is an Arizona limited liability company with its principal place of business located at 3725 E. Roesser Rd., Suite 20, Phoenix, AZ 85040, and does business in and with the State of California.

7. Upon information and belief, Defendant OPP Brand Solutions LLC ("OPP") is an Arizona limited liability company with its principal place of business located at 3725 E. Roesser Rd., Suite 20, Phoenix, AZ 80504, and does business in and with the State of California.

8. Upon information and belief, Defendants Does 1 through 10 (collectively, "DOE Defendants") (together with BloomChic, Robert Matthew, and OPP, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have

1  engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT DESIGN

10. Plaintiff owns an original two-dimensional artwork used for textile printing, entitled internal design number 2271, and registered with the U.S. Copyright Office (the "Subject Design.")

11. Plaintiff widely disseminated the Subject Design to numerous parties in the fashion and apparel industries.

12. Following Plaintiff's display and distribution of the Subject Design, Defendants created, manufactured, distributed, offered for sale, sold, displayed, reproduced, and/or otherwise used fabrics and/or garments featuring a design that is strikingly and/or substantially similar to the Subject Design without a license, authorization, or consent from Plaintiff (the "Infringing Garments.") Representative examples comparing the Subject Design and Infringing Garments are below:

///

///

///

| SUBJECT DESIGN | INFRINGING GARMENTS |
|---|---|
| 2271 | BloomChic's Floral Print V Neck Heather T-Shirt |
|  |  |



| 2271 | Robert Matthew's Just Breathin Women's Lounge Pants |
|---|---|
|  |  |

13. The above comparison makes apparent that the elements, composition, arrangement, layout, and appearance of the designs on the Infringing Garments are substantially similar to the design at issue.

14. Plaintiff discovered the Infringing Garments in or around October 2023 and had no reason to know of them prior to that time.

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

15. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

16. Upon information and belief, Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) Plaintiff's showroom and/or design library; (b) illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants (e.g., international and/or overseas converters and printing mills); (c) Plaintiff's strike-offs and samples; and/or (d) garments in the marketplace manufactured with lawfully printed lace bearing the Subject Design.

17. Plaintiff alleges upon information and belief that one or more of the Defendants is a garment manufacturer and/or vendor; that said Defendant(s), and each of them, has/have an ongoing business relationship with Defendant retailers, and each of them; that said Defendants supplied garments, including the Infringing Garments, to said Defendant retailers; and that said Defendant retailers used the Infringing Garments as alleged above.

18. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

19. Due to Defendants' acts of infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

20. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge, or in reckless disregard, of Plaintiff's copyrights in the Subject Design, such that said acts of copyright infringement were, and continue to be, willful.

///

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

21. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

22. Upon information and belief, Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

23. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct and financial interest in the infringing conduct.

24. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Novelty prays for judgment as follows:

a. That Defendants, their agents and employees, and anyone working in concert with Defendants and/or their agents, be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 7, 2024     By:     */s/ Trevor W. Barrett*
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*